UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

BASIL GIBBS,

   **Plaintiff,**

v.

PHILADELPHIA POLICE
DEPARTMENT, *et al.*,

   **Defendants.**

Case No. 2:12-CV-00017
JUDGE EDMUND A. SARGUS, JR.
Magistrate Judge Norah M. King

## OPINION AND ORDER

This matter is before the Court for consideration of Defendant Transportation Security Administration's ("TSA") Motion to Dismiss. (ECF No. 9.) For the reasons that follow, the Court finds that it lacks subject matter jurisdiction over Plaintiff's claims against TSA. Accordingly, TSA's Motion is **GRANTED**.

### I. BACKGROUND

Plaintiff, Basil Gibbs, brings claims against TSA, an alleged employee of TSA,[1] and various other Defendants including members of the Philadelphia Police Department, arising from his detention at the Philadelphia International Airport in January 2010. Plaintiff maintains that, in late December 2009, while he was passing through security in the Philadelphia airport for a departure flight, Defendant Arvind Korvil placed a computer in his luggage. (Compl. ¶ 18.)

---

[1] Within his Complaint, Plaintiff specifically brings claims against Defendant Arvind Korvil. Plaintiff asserts that Defendant Korvil is a TSA employee and was involved in the series of incidents that eventually resulted in his detention. TSA asserts that Defendant Korvil is not a TSA employee and, in filing the current Motion, does not seek dismissal on his behalf. On November 5, 2011, the Court dismissed Plaintiff's claims against Mr. Korvil without prejudice for lack of service.

Plaintiff maintains that upon finding the computer on January 1, 2010, he informed U.S. Airways. (*Id.*)

Plaintiff returned to the Philadelphia Airport on January 8, 2010. After Plaintiff deplaned, Philadelphia police officers, and an unnamed TSA employee, approached Plaintiff and asked him about the computer. (Compl. ¶ 22.) According to Plaintiff, the police harassed him and eventually put him in handcuffs causing an injury to his wrist. (*Id.* at ¶¶ 22–25.) Plaintiff maintains that police officers then placed him in a transport cart and slammed the transport cart door on his leg. (*Id.* at ¶ 26.) Plaintiff asserts that TSA officials and Philadelphia Police Officers detained him in an airport holding cell for almost twenty-four hours. (*Id.* at ¶ 27.)

Plaintiff filed this action on January 6, 2012. Plaintiff brings claims against TSA for assault and battery, false arrest and imprisonment, and violations of his First and Fourth Amendment rights under the United Statement Constitution.[2] Within his Complaint, Plaintiff states that the Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331 as well as jurisdiction over his constitutional claims pursuant to 28 U.S.C. § 1343(3). (Compl. ¶15.) The Complaint does not identify any specific waiver of the federal government's sovereign immunity with regard to TSA.

TSA moves for dismissal contending both a lack of subject matter jurisdiction and failure to state a claim. With regard to subject matter jurisdiction, TSA contends that Plaintiff has failed to establish subject matter jurisdiction because he has not identified a waiver of the federal government's sovereign immunity. Moreover, TSA asserts that even assuming Plaintiff brings his claims under the Federal Torts Claim Act ("FTCA"), Plaintiff has failed to meet the

---

[2] The parties agree that only Counts 1, 2, and 4 apply to TSA.

2

preconditions of the FTCA.

Plaintiff maintains that the Court has subject matter jurisdiction over this action pursuant to the FTCA. Plaintiff asserts that he can cure any procedural deficiencies through amendment. Additionally, although Plaintiff concedes that he did not administratively exhaust his claim with TSA, he requests equitable tolling of the two-year period for exhaustion.

## II. STANDARD

TSA moves for dismissal for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1). Plaintiff bears the burden of establishing that subject matter jurisdiction exists. *Taylor v. KeyCorp*, 680 F.3d 609, 612 (6th Cir. 2012).

"Sovereign immunity prevents suit against the United States without its consent." *Premo v. United States*, 599 F.3d 540, 544 (6th Cir. 2010). "Absent an unequivocal waiver of sovereign immunity and consent to be sued, a court does not have jurisdiction over any claims made against the United States and its agencies." *Hines v. Astrue*, — F. Supp. 2d —, 2012 WL 2892236, at *2 (S.D. Ohio Feb. 21, 2012); *see also Sullivan v. Transp. Sec. Admin.*, No. 10–CV–16, 2010 WL 3269881, at *1–3 (D.N.H. Aug. 19, 2010) (applying sovereign immunity to TSA). Moreover, the applicability of statutes relating to general federal question and supplemental jurisdiction, as well as civil rights jurisdiction pursuant to 28 U.S.C. § 1343, are not sufficient to waive sovereign immunity. *See, e.g., Munaco v. United States*, 522 F.3d 651, 653 n.3 (6th Cir. 2008) ("[J]urisdictional statutes, such as the statute giving federal district courts original jurisdiction of civil actions arising under Constitution, laws, or treaties of United States, do not operate as waivers of sovereign immunity.").

"The United States government has waived its sovereign immunity in limited contexts

3

under the [FTCA]." *Himes v. United States*, 645 F.3d 771, 776 (6th Cir. 2011). In particular, "[t]he FTCA is the exclusive remedy for suits against the United States or its agencies sounding in tort." *Id.*

### III. ANALYSIS

Here, Plaintiff maintains that this Court has jurisdiction over his claims against TSA pursuant to the FTCA.[3] After review, the Court agrees with TSA that Plaintiff has failed to satisfy the preconditions of the FTCA.[4] First, Plaintiff has failed to name the United States as a defendant in this case.[5] Second, by his own admission, Plaintiff has failed to exhaust his administrative remedies. Moreover, even assuming that equitable tolling of the FTCA's two-year exhaustion period is available, Plaintiff has failed to demonstrate that tolling is proper in this case.

#### A. United States as Defendant

The first jurisdictional deficiency of Plaintiff's action is his failure to name the United States as a defendant. "[T]he 'failure to name the United States as defendant in an FTCA suit results in a fatal lack of jurisdiction.'" *Johnston v. O'Neill*, 130 F. App'x 1, 4 n.2 (6th Cir. 2005)

---

[3] Moreover, from the Court's review of Plaintiff's Complaint and briefing, Plaintiff has failed to establish any other appropriate grounds for jurisdiction over TSA.

[4] TSA also maintains that Plaintiff's claims are not actionable under the FTCA. *See* 28 U.S.C. § 2680(h) (stating that, with the exception of actions of law enforcement officers, the FTCA shall not apply to claims "arising out of assault, battery, false imprisonment, false arrest . . ."); *F.D.I.C. v. Meyer*, 510 U.S. 471, 478 (1994) ("[T]he United States simply has not rendered itself liable under [the FTCA] for constitutional tort claims."). Given Plaintiff's failure to administratively exhaust his claims, the Court finds it unnecessary to decide this issue.

[5] Within his responsive briefing, Plaintiff requests the opportunity to amend his complaint. For the reasons described below, however, due to lack of jurisdiction, the Court finds that any amendment would be futile.

4

(quoting *Allgeier v. United States*, 909 F.2d 869, 871 (6th Cir. 1990)). Relatedly, the United States Court of Appeals has held that amendment to name the United States as a defendant for the purposes of the FTCA relates back pursuant to Federal Rule of Civil Procedure 15(c) when "there has been either 1) delivery of process to and receipt by the United States Attorney (or proper designee); or 2) mailing of process to the Attorney General." *Allgeier v. United States*, 909 F.2d 869, 873 (6th Cir. 1990).

Here, Plaintiff has failed to name the United States as a defendant, as the FTCA requires. As noted above, within his briefing, Plaintiff requests an opportunity to amend his Complaint to name the United States as a party. For reasons further described below, however, even assuming that amendment could cure this defect, other jurisdictional flaws exists.

## B. Administrative Exhaustion

In addition to failing to amend his Complaint, Plaintiff has also failed to administratively exhaust claims as required under the FTCA. In particular, 28 U.S.C. § 2675(a) provides:

> An action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail.

28 U.S.C. § 2675(a). A plaintiff must present his or her claim "to the appropriate Federal agency within two years after such claim accrues." 28 U.S.C. § 2401(b). The Sixth Circuit has held that the exhaustion requirement of 28 U.S.C. § 2675(a) is jurisdictional. *Bumgardner v. United States*, 469 F. App'x 414, 417 (6th Cir. 2012). Moreover, the Sixth Circuit has indicated that "there is no equitable exception" to "the administrative claim requirement of the FTCA."

5

*Johnston*, 130 F. App'x at 4.

Here, Plaintiff concedes that he failed to file an administrative claim with TSA prior to bringing this action.[6] Accordingly, the Court must dismiss this action. *Cf. McNeil v. United States*, 508 U.S. 106, 107, 113 (1993) (holding, in light of 28 U.S.C. § 2675(a), that a district court properly dismissed a complaint for failure to exhaust even when the plaintiff submitted an administrative claim "before substantial progress was made in the litigation"). The purpose of the exhaustion requirement is, at least in part, to allow agencies to settle claims more efficiently prior to litigation. Accordingly, it was not sufficient, as Plaintiff contends, that TSA may have been aware of the possibility of a potential claim. Rather, Plaintiff was required to actually present his claims to TSA.

## C. Equitable Tolling

Plaintiff requests that the Court equitably toll the limitation period FTCA's administrative exhaustion requirement. As Defendant stresses, it does not appear that this question is properly before the Court at this time. Plaintiff's current jurisdictional shortcoming is his complete failure to administratively exhaust his claims pursuant to 28 U.S.C. § 2675(a), rather than his failure to exhaust claims within the two-year limitation period as required pursuant to 28 U.S.C. § 2401(b). If after dismissal, Plaintiff administratively exhausted his claims and then attempted to re-file his action, equitable tolling would be a relevant issue.

Even assuming, however, that equitable tolling is an appropriate consideration, Plaintiff has failed to establish that the Court should equitably toll the limitation period within 28 U.S.C.

---

[6] Additionally, there is no indication from the record that Plaintiff has administratively exhausted his claims since bringing this action.

6

§ 2401(b). The Sixth Circuit has recently considered, without conclusively deciding, whether equitable tolling applies in the context of 28 U.S.C. § 2401(b). *Bazzo v. United States*, No. 11–1914, 2012 WL 3326308, at *1 (6th Cir. Aug. 15, 2012). In *Bazzo*, the Sixth Circuit outlined equitable tolling standards as follows:

> [C]ourts apply equitable tolling "sparingly, and not when there has only been a garden variety claim of excusable neglect." *Chomic v. United States*, 377 F.3d 607, 615 (6th Cir. 2004) (citations and internal quotation marks omitted). The party seeking equitable tolling bears the burden of proving entitlement to it. *Robertson v. Simpson*, 624 F.3d 781, 784 (6th Cir. 2010). That showing generally encompasses the following considerations: (1) lack of notice of the filing requirement; (2) lack of constructive knowledge of the filing requirement; (3) diligence in pursuing one's rights; (4) absence of prejudice to the defendant; and (5) the plaintiff's reasonableness in remaining ignorant of the particular legal requirement. *Truitt*, 148 F.3d at 648 (citing *Andrews v. Orr*, 851 F.2d 146, 151 (6th Cir.1988)).

*Id.* at *2. Importantly, for the purposes of 28 U.S.C. § 2401(b), the two-year limitation period begins to run and "a claim accrues when a plaintiff possesses enough information with respect to her injury that, had she sought out independent legal and expert advice at that point, she should have been able to determine in the two-year period whether to file an administrative claim." *Hertz v. United States*, 560 F.3d 616, 618 (6th Cir. 2009).

In this case, considering the relevant factors, the Court will not apply equitable tolling. Of particular note, Plaintiff has failed to establish that he has acted with the proper diligence in pursuing his claims. The record and allegations in the Complaint reflect that Plaintiff had sufficient knowledge of his injury—to begin pursuing his claims— either on or shortly after January 8, 2010, the date of the alleged incident. Given the nature of Plaintiff's claims it appears that Plaintiff would have been aware of the general involvement of TSA in the incident on the date of the event. Moreover, despite Plaintiff's conclusory assertions regarding the complicated

7

nature of this case and lack of discovery, Plaintiff possessed sufficient information to file his Complaint against TSA in this Court on January 6, 2012. Tellingly, the Complaint was filed within two years of the date of the alleged injury. Accordingly, even assuming Plaintiff did not know the exact role or identity of the TSA officials involved, he possessed sufficient information to present his claim to TSA within the applicable two-year period. Moreover, Plaintiff was represented by counsel at least as early as the date he filed this action in January 2010.[7] *Cf. McNeil*, 508 U.S. at 113 ("It is no doubt true that there are cases in which a litigant proceeding without counsel may make a fatal procedural error, but the risk that a lawyer will be unable to understand the exhaustion requirement is virtually nonexistent."). Under these circumstances, equitable tolling of 28 U.S.C. § 2401(b)'s two-year exhaustion period is not justified.

## IV. CONCLUSION

For the foregoing reasons, Defendant Transportation Security Administration's Motion to Dismiss is **GRANTED**. (ECF No. 9.) Plaintiff's claims against the TSA are **DISMISSED** without prejudice. The Clerk is **DIRECTED** to terminate TSA from this case. Accordingly, Detective Michael Wojciehowski is the only remaining active Defendant.

**IT IS SO ORDERED.**

12-4-2012
DATE

EDMUND A. SARGUS, JR.
UNITED STATES DISTRICT JUDGE

---

[7] Although Plaintiff is currently proceeding *pro se* he was represented by counsel until May 2012. (*See* ECF No. 21.)

8